**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HENRY WISNIEWSKI,
Plaintiff-Appellant,

v.

JAMES F. STEVENS, JR.; STALEIGH,
INCORPORATED; CHARLES R. CHRIST;
AMOCO OIL COMPANY; EASTERN

SERVICE CENTER, INCORPORATED,
Defendants-Appellees,

and

MAYOR AND CITY COUNCIL OF
BALTIMORE,
Defendant.

No. 96-1272

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-94-3119-WMN)

Argued: January 31, 1997

Decided: April 11, 1997

Before WILKINSON, Chief Judge, and WILLIAMS and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward J. Makowski, Jr., Baltimore, Maryland, for
Appellant. Ralph Louis Arnsdorf, SMITH, SOMERVILLE & CASE,

L.L.C., Baltimore, Maryland, for Appellees. **ON BRIEF:** Robert C. Verderaime, VERDERAIME & DUBOIS, P.A., Baltimore, Maryland, for Appellee Stevens.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Wisniewski appeals from a district court order granting summary judgment to defendants Staleigh, Inc., Eastern Service Center, Inc., Charles R. Christ, and Amoco Oil Company (collectively, Amoco) on his claims of false imprisonment, negligence, and malicious prosecution. Wisniewski also appeals several issues that arose at trial from his claims against defendant James F. Stevens, Jr., a Baltimore policeman, for excessive force, false arrest, and other alleged violations of 42 U.S.C. § 1983. We affirm the district court for the reasons stated below.

I.

On November 20, 1992, Wisniewski paid $3.50 for an automatic car wash at an Amoco gas station in Baltimore, Maryland. Barbara Mariano, the station attendant, gave Wisniewski a code to activate the car wash, but Wisniewski could not get the wash to work. Mariano stepped out of her cashier's booth and tried to help Wisniewski, but she was not able to get Wisniewski to stop his car in the right place. Wisniewski got out of his car, leaving it at the car wash exit, and demanded an immediate refund. Mariano refused and told him that the station has a policy against giving on-site refunds. Wisniewski became upset and began yelling and cursing at her. He also refused to move his car, which prevented other customers from using the car wash. Mariano gave Wisniewski a telephone number on a slip of paper so he could request a refund. She then directed him to a pay

2

phone across the street. He went to the pay phone, but he could not get the phone to work. While Wisniewski was trying to use the pay phone, Mariano returned to her booth and called the police. She told the police "there was some disturbance at the Amoco station."

Baltimore City Police Officer James Stevens arrived at the gas station and talked to Mariano, who was still in her booth. When Wisniewski returned from the pay phone across the street, Stevens ordered him to leave the gas station. Wisniewski refused and resumed yelling and swearing at Mariano. Stevens again ordered Wisniewski to leave. When Wisniewski again refused, Stevens began to handcuff him. A brief struggle ensued, and Stevens pulled Wisniewski's arms behind him and placed handcuffs on his wrists. Stevens reported that he arrested Wisniewski for disorderly conduct and failure to obey a lawful order to leave the premises. Minutes later, other officers arrived and took Wisniewski to the police station, where he was charged with disorderly conduct. The police released him a few hours later and ultimately dismissed the charge.

Wisniewski filed an action against Amoco and Officer Stevens in the Circuit Court of Maryland for Baltimore City. He sued Amoco for false imprisonment, negligence, and malicious prosecution. He sued Stevens for excessive force, false arrest, and other constitutional violations under 42 U.S.C. § 1983. The defendants removed the case to the United States District Court for the District of Maryland. Amoco filed a motion for summary judgment, which the district court granted on November 22, 1995. The case went to trial against Stevens. After a two-day trial the jury returned a verdict in favor of Stevens. The district court entered judgment for Stevens on January 25, 1996. Wisniewski appeals the order granting summary judgment to Amoco and several issues that arose during the trial.

II.

Wisniewski first appeals the district court's order granting summary judgment to Amoco. Wisniewski claimed that Amoco breached its duty of care to him and gave false information to the police. After consideration of the parties' briefs, the record, and the oral arguments of counsel, we conclude that the district court correctly granted summary judgment to Amoco on these claims. Accordingly, we affirm the

3

summary judgment order on the reasoning of the district court. See Wisniewski v. Stevens, No. WMN-94-3119 (D. Md. Nov. 22, 1995).

III.

Wisniewski also appeals the judgment entered in favor of Officer Stevens after the jury verdict. Wisniewski's main issues center on voir dire, jury instruction, and the district court's determination that the issue of First Amendment protection for using profanity was not present in this case.

During voir dire Wisniewski requested the district court to ask the prospective jurors if "any of them had preconceived notions [about] whether the use of the word `f---' in public constituted criminal behavior." The district court refused to ask the question because it did not think profanity was a central issue. However, the court promised to give an appropriate jury instruction if it became necessary. The court was correct that the use of profanity was never a central issue. Wisniewski was arrested for disorderly conduct stemming from his refusal to obey the officer's lawful order that he leave the Amoco premises because his car was blocking the exit of the car wash. His use of profanity, although a factor, was not the primary reason for his arrest. "[T]rial courts are given broad discretion as to the questions to be asked." United States v. Barber, 80 F.3d 964, 967 (4th Cir. 1996) (internal quotation marks omitted). In light of the facts in this case and the broad discretion given trial courts in formulating questions for the voir dire, we conclude that the district court's refusal to ask the proposed question about profanity was not an abuse of discretion.

Wisniewski next argues that the district court gave erroneous instructions to the jury. First, he claims that the district court mis-stated Maryland law regarding disorderly conduct. The district court instructed the jury on disorderly conduct as follows:

> The laws of Maryland provide that a person may not act in a disorderly manner to the disturbance of the public peace and that any person violating that prohibition would be guilty of a misdemeanor.

4

> I further instruct you that the laws of Maryland provide that any person who enters upon the premises of another and who wilfully acts in a disorderly manner by making loud and unseemly noises or by profanely cursing or swearing or using obscene language in the presence of others or acting in any other disorderly manner such that the conduct in its totality causes, or tends to cause a breach of the peace is a misdemeanor.

This instruction accurately reflected the relevant statutes. Md. Ann. Code art. 27, § 123 provides:

> (a) Prohibited conduct. -- A person may not act in a disorderly manner to the disturbance of the public peace, upon any public street, highway, alley, park or parking lot[.]
>
> (b) Penalty. -- Any person violating the prohibitions of this section is guilty of a misdemeanor[.]

Md. Ann. Code art. 27, § 122 provides:

> Any person who shall be acting in a disorderly manner to the disturbance of the public peace, or who shall wilfully act in a disorderly manner by making loud and unseemly noises or by profanely cursing, swearing or using obscene language, on or about any public place . . . is subject to a fine not exceeding $500 or imprisonment not exceeding 30 days, or both[.]

Maryland state courts have applied these statutes to facts similar to those in this case. See, e.g., Briggs v. State, 599 A.2d 1221, 1225 (Md. Ct. Spec. App. 1992). Therefore, we agree with Stevens that the instructions on disorderly conduct accurately reflected Maryland law. Second, Wisniewski argues that the district court erred in its qualified immunity instruction to the jury. Wisniewski asked that the instructions define "knowingly" in terms of what a reasonable officer should have known. Wisniewski contends that the instructions caused the jury to accept Stevens' subjective beliefs concerning probable cause. However, the instruction on probable cause in fact noted that "a

5

police officer must have information that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime." Therefore, the instruction on probable cause itself provided the jury with the "reasonable officer" standard that Wisniewski requested.

Lastly, Wisniewski contends that his arrest violated his First Amendment right to use profane language. At the close of Wisniewski's evidence at trial, the district court ruled that Wisniewski had not pled a § 1983 claim based on a violation of First Amendment rights, and even if he had, the evidence at trial was legally insufficient to support such a claim. On appeal, Wisniewski attacks this ruling as having "deprived [him] of his opportunity to be heard on the issue." As we indicated above, however, speech was never the focus of this case. Wisniewski's use of profanity was just one factor in his arrest. See Briggs, 599 A.2d at 1225-26 ("Whether Briggs's use of profanity towards the officers is constitutionally protected is another matter: . . . his words were not obscene in the constitutional sense. But they were abusive epithets, directed at particular individuals, and they might have tended to incite disorderly conduct in others."). The district court was therefore correct that Wisniewski did not assert or have a First Amendment claim.*

IV.

The orders and judgment of the district court are

AFFIRMED.

_____
*We also find the other issues raised by Wisniewski to be without merit.

6